### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**DARREL MHIRE**                                  **CASE NO.  6:20-CV-01012**

**VERSUS**                                           **JUDGE JUNEAU**

**AUTO CLUB COUNTY MUTUAL**          **MAGISTRATE JUDGE HANNA**
**INSURANCE CO ET AL**

### <u>MEMORANDUM ORDER</u>

Before the Court is the Motion for More Definite Statement and Alternative Motion to Strike filed by Defendants, Auto Club County Mutual Insurance Company and Gino Piamonte. (Rec. Doc. 7).

Plaintiff filed this lawsuit following an alleged rear-end accident in which Plaintiff alleges that Gino Piamonte, insured by Auto Club, rear-ended him. (Rec. Doc. 1-1, p. 4-6). As in most personal injury petitions, Plaintiff concluded his Petition with "catchall" allegations of Mr. Piamonte's alleged acts of negligence (e.g. failing to see what he should have seen, and the like). (Rec. Doc. 1-1, p. 4-6, ¶VIII). Defendants take particular issue with Plaintiff's allegation accusing Mr. Piamonte of "any and all other acts and omissions to be proven…" (Rec. Doc. 7-1, p. 2). Relying exclusively on Louisiana state procedural law, which is inapplicable

to this case,[1] Defendants argue such language is impermissibly vague, such that they "are not fairly allowed to form a defense." (Rec. Doc. 7-1, p. 3). The Court disagrees.

F.R.C.P. Rule 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Fifth Circuit further explained as follows:

> [G]reat care must be used in passing on a motion for definite statement. In view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. It is to be noted that a motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose.

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)

Plaintiff's Petition clearly places Defendants on notice of his claims that Mr. Piamonte was negligent when he rear-ended Plaintiff's vehicle. (Rec. Doc. 1-1, p. 4-6, ¶VI). The fact that Plaintiff also included typical, boiler-plate allegations of "any and all other acts and omissions…" does not render the Petition vague or ambiguous or inhibit Defendants from preparing a defense. Accordingly,

---

[1]  Although state substantive law applies to cases removed from state court, the Court must apply federal procedural law. *Hinkley v. Envoy Air, Inc.,* No. 19-10848, 2020 WL 4462082, at *6 (5th Cir. Aug. 4, 2020), citing e.g. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 335 (5th Cir. 2011).

Defendants' Motion for More Definite Statement and Alternative Motion to Strike (Rec. Doc. 7) is DENIED.

THUS DONE in Chambers, Lafayette, Louisiana on this 18th day of August, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE